**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Nazar Rozyyev,<br>Petitioner,<br>v.<br>Eric Rokosky, et al.,<br>Respondents. | No. CV-26-04773-PHX-KML<br>**ORDER** |

Petitioner Nazar Rozyyev was taken into immigration custody in January 2026. (Doc. 1 at 4.) Ten days later, through counsel, he filed a habeas petition that ultimately preserved one argument for decision: whether the procedures the government used in taking Rozyyev into custody comported with due process given his previous receipt of immigration parole. *See Rozyyev v. Bondi*, No. CV-26-00371-PHX-KML (JFM), 2026 WL 1453657, at *1-*2 (D. Ariz. May 22, 2026). The court denied the habeas petition, ruling Rozyyev was "only entitled to the procedural due process rights provided by" the immigration parole statute, binding Ninth Circuit authority foreclosed an argument that the statute conferred substantive due process rights in temporary parole, and the applicable regulations did not give rise to a due process claim because Rozyyev's parole had expired. *Id*. at *2-*3 (discussing *Wong v. United States*, 373 F.3d 952, 967-68 (9th Cir. 2004)).

In July 2026, Rozyyev filed a second habeas petition pro se. (Doc. 1.) This petition raised four grounds for relief, each one a variant of a Fifth Amendment substantive due process claim based on prolonged detention. (Doc. 1 at 9-12.) The petition noted an

immigration judge ("IJ") had denied asylum but granted Rozyyev withholding of removal on March 10, 2026. (Doc. 1 at 5, 19.) Subsequent filings ultimately explained Rozyyev had appealed the denial of asylum; his appeal apparently remains pending before the Board of Immigration Appeals. (Docs. 7 at 1; 9 at 4; 11.)[1]

Respondents moved to dismiss Rozyyev's second petition instead of responding to it. (Doc. 6.) Their one-page motion contains two sentences worth of argument for dismissal, unsupported by any case citations: "Respondents move to dismiss Petitioner's second petition for writ of habeas corpus for alleging the same material facts and arguments that were already litigated to completion in 26-cv-00371. No material facts have changed that warrant a different analysis of Petitioner's case." (Doc. 6 at 1 (simplified).) After Rozyyev's response pointed out that the second petition "presents a different constitutional question" (Doc. 7 at 2), respondents shifted to arguing he was subject to mandatory detention as an alien held under 8 U.S.C. § 1225(b)(2)(A) in reply (Doc. 8 at 2-3).

Assuming respondents were attempting to make a res judicata argument, they did not preserve it such that dismissal is warranted on that basis. *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived."). But even if they had, their motion would fail on the merits. Res judicata precludes parties in privity "from relitigating all issues connected with the action that were or could have been raised in that action." *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 898-99 (9th Cir. 2001). Respondents do not argue prolonged detention was actually raised in the prior habeas petition and the

[1] Rozyyev submitted multiple contradictory filings attempting to clarify the procedural posture of his immigration case. (*See* Docs. 9-11.) At least one of these was an improper sur-reply filed without the court's leave (*see* Doc. 9), and another should have been filed as a notice of errata rather than another amended reply (Doc. 11). One of these filings was procedurally improper for an additional reason: within it, Rozyyev made an additional motion for a prompt ruling. (Doc. 10 at 2.) That motion was unnecessary, contrary to the District of Arizona's rules of practice, and is denied as moot. *See* LRCiv. 7.2(n) (allowing a party to file a "Pending Motion[ ] Notification" only when a motion has been under advisement for "more than one hundred and eighty (180) days"). Although he is proceeding pro se, Rozyyev must take more care in the future to ensure his filings comply with the rules. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (pro se litigants "must follow the same rules of procedure that govern other litigants").

court explicitly did not decide that question. *See Rozyyev*, 2026 WL 1453657, at *3. Because Rozyyev had only been detained for ten days when that petition was filed, it also appears he could not have raised the issue. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1204, 1207 (9th Cir. 2022) (discussing out-of-circuit cases requiring bond hearings for aliens subject to statutory mandatory detention only when detention has become "prolonged" and suggesting six months is the earliest point at which detention could become prolonged). Accordingly, respondents' motion to dismiss (Doc. 6) is denied.

Respondents must now answer the petition. Their original reply argues 8 U.S.C. § 1225(b)(2) mandates detention for aliens subject to the "entry fiction" but does not address the substantive due process standards applicable to those individuals, nor how the expiration of Rozyyev's parole before his re-detention may affect his status as an "entry fiction" petitioner. (*See* Doc. 8 at 2-4 (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020)).) A recent Ninth Circuit case bears on these issues and respondents must address it. *See Padilla v. United States Immigr. & Customs Enf't*, --- F.4th ----, 2026 WL 2822044, at *10-*15, *18-*19 (9th Cir. 2026) (discussing persons to whom "entry fiction" applies, interpreting *Thuraissigiam* as "an admission, not a detention, case," and describing the "long history" of substantive due process limitations on the government's ability to detain people, including "the widespread availability of bail" and "judicial review of the legality of confinement"). To be clear, respondents must address both the impact of *Padilla* on aliens subject to the "entry fiction" and whether the "entry fiction" continues to apply to an individual paroled into the country who remains out of custody after the expiration of his parole. Respondents must also address whether the IJ's grant of withholding of removal, which happened while the first petition was pending, may constitute materially changed circumstances warranting a bond hearing.

/

/

Accordingly, **IT IS ORDERED**:

(1) Respondents' motion to dismiss (Doc. 6) is **denied**.

(2) Petitioner's motion for prompt ruling (Doc. 10) is **denied as moot**.

(3) No later than **October 30, 2026,** respondents must answer the petition for writ of habeas corpus as set forth above. Petitioner may reply within seven days of when the answer is filed.

Dated this 16th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**